1  EDWARD D. TOTINO (Bar No. 169237)
   Email: edward.totino@dlapiper.com
2  NICK S. PUJJI (Bar No. 259571)
   Email: nick.pujji@dlapiper.com
3  **DLA PIPER LLP (US)**
   2000 Avenue of the Stars, Suite 400
4  Los Angeles, California 90067
   Tel: 310.595.3000
5  Fax: 310.595.3300

6  Attorneys for Plaintiff Receiver
   ROBERT P. MOSIER
7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  ROBERT P. MOSIER, Receiver for PRIVATE EQUITY MANAGEMENT GROUP, LLC, AND PRIVATE EQUITY MANAGEMENT GROUP, INC., | Case No. SACV12-00227 PSG (Ex) |
| 13              Plaintiff, | **RECEIVER'S OBJECTIONS TO EXHIBITS TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| 14         v. | Date: December 3, 2012<br>Time: 1:30 p.m.<br>Ctrm: 880-Roybal<br>Judge: Hon. Philip S. Gutierrez |
| 15  PHOENIX LIFE INSURANCE COMPANY; PHL VARIABLE INSURANCE COMPANY, and DOES 1-5, inclusive, | |
| 17              Defendants. | |

DLA PIPER LLP (US)
LOS ANGELES

WEST\239451076.1

RECEIVER'S OBJECTIONS TO EXHIBITS

Plaintiff Receiver Robert P. Mosier (the "Receiver"), in his capacity as the permanent receiver for Private Equity Management Group, LLC, Private Equity Management Group, Inc., and subsidiaries and affiliates thereof (collectively, "PEMGroup" or the "Receivership Estate"), hereby objects to Exhibits E, F, G, and H attached to the Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") filed by Defendants Phoenix Life Insurance Company and PHL Variable Insurance Company (collectively, "Phoenix").  (*See* Dkt. # 38.)

## OBJECTIONS

Phoenix improperly attempts to attach Exhibits E, F, G, and H to its Motion. The Second Amended Complaint's ("SAC") allegations do not quote or rely on any of these documents, and Phoenix further has not established the authenticity of these documents.  *See U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011) (as a general rule, the Court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, and documents not physically attached to the complaint may be considered by the Court only if:  (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document).

*Exhibit E*

Exhibit E purports to be a copy of a comment to a section of the Wisconsin Statutes & Annotations.  The SAC neither refers, nor cites, to this section, and it is not central to the Receiver's claim.  Further, because Exhibit E has not been authenticated by any sort of declaration – the Receiver questions the authenticity of this document.  Accordingly, the Court should not consider Exhibit E.

*Exhibits F & G*

Exhibits F and G purport to be copies of policy illustrations for the two life insurance policies at issue in this case.  While the SAC refers to a provision in the policies pertaining to policy illustrations, the SAC does not refer to specific policy illustrations – and certainly not the specific samples attached as Exhibits F and G.

Further, these documents are not central to all of the Receiver's claims, nor is there any evidence that these are proper policy illustrations, correct policy illustrations, or that there is no other possible form of policy illustrations.  The fact that the policies allow for a request of policy illustrations supports the Receiver's argument that Phoenix had a contractual obligation to confirm the policies upon request; this does not give Phoenix *carte blanche* to submit documents outside the four corners of the complaint without the Receiver having the opportunity to conduct discovery.  Finally, because these exhibits have not been authenticated by any sort of declaration – the Receiver questions their authenticity.  Accordingly, the Court should not consider Exhibits F and G.

*Exhibit H*

Finally, Exhibit H purports to be a sample state verification of coverage form.  While the SAC refers to an industry custom and practice regarding a policyholder's ability to submit verification of coverage forms to insurance carriers, the SAC does not refer to any specific  document.  This specific document is  not central to the Receiver's claims, much less referenced in them.  Per the SAC, in the past the Receiver did submit verification forms to Phoenix – but Exhibit H does not reflect those documents.  Moreover, because Exhibit H has not been authenticated by any sort of declaration – the Receiver questions the authenticity of this document.  Phoenix provides no background or explanation of the source or purpose of this incomplete document, and thus the Court should disregard Exhibit H.

## CONCLUSION

Based on the foregoing, the receiver respectfully requests that the Court disregard Exhibits E, F, G, and H, which Phoenix has improperly attached to its Motion.

///

///

| | | |
|---|---|---|
| 1 | Dated: October 29, 2012 | **DLA PIPER LLP (US)** |
| 2 | | |
| 3 | | By /s/ NICK S. PUJJI |
| | | EDWARD D. TOTINO |
| 4 | | NICK S. PUJJI |
| | | Attorneys for Plaintiff |
| 5 | | Receiver Robert P. Mosier |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28